JANVIER, Judge.
Shortly before midnight on September 5, 1956, an automobile owned by plaintiff, Louis W. Broussard, and driven by his son, Barry D. Broussard, at the time 18 or 19 years of age, was damaged when it was in collision at the intersection of Felicity and Camp Streets with an automobile owned and driven by defendant, U. M. Kieffer.
Alleging that the cost of repairing his car had been $328.62, and that the collision had been caused by negligence of Kieffer, Broussard brought this suit against him, praying for judgment for that amount.
Kieffer answered, denying that he had been in any way at fault and averring that the cause of the collision had been the negligence of young Broussard in failing to maintain a proper lookout, in failing to stop or slow down upon entering the intersection which, according to defendant, had been preempted by him, in ignoring the right of way of defendant, and in operating the car at an excessive speed. In the alternative, defendant alleged that young Broussard had been guilty of contributory negligence.
From a judgment dismissing his suit plaintiff has appealed.
The intersection in which the collision took place is a rather unusual one. Camp Street runs in an uptown-downtown direction paralleling the Mississippi River. Felicity Street crosses Camp Street approximately at right angles. There is a third street which played1 some part in this occurrence. It is called Sophie Wright Street and extends only from Magazine Street to Camp Street, forming a diagonal connection between these two streets. On this street vehicles going in a downstown direction leave Magazine Street towards the left and enter Camp Street just above Felicity Street. The Broussard car, driven by young Broussard, had come down Magazine Street, had traversed the short length of Sophie Wright Street, and had just entered the intersection of Felicity Street when the Kieffer car, on its way out Felicity Street towards the river, also entered the intersection, striking the Broussard car on the left side at or near the left front fender.
Facing Kieffer as he approached the intersection was a traffic stop sign. He stated that, as he neared the intersection, he noticed that there were bushes to his right and that they obstructed his view so that he could not see vehicles coming down Sophie Wright Street. He said “It was impossible to see around the bushes.” He said that he was not certain that he had stopped, but “I was definitely slowed down,” and he added: “I didn’t see this man coming down, so I put my foot down on the accelerator.”
The State Regulatory Traffic Statute (LSA-R.S. 32:237) provides that vehicles approaching an intersection from the right shall have the right of way over other vehicles approaching from their left. The Broussard car approached the intersection *727 from the right of Kieffer and therefore young Broussard was entitled to the right of way.
It is contended by Kieffer that he had preempted the intersection. The record indicates the contrary; that Broussard entered the intersection first and that the Kieffer car ran into the side of the Brous-sard car.
In the record there is a diagram appearing in the police report. This shows plainly that the Broussard car was struck on its left side near the front by the front end of the Kieffer car.
There cannot be any doubt whatever of the negligence of Kieffer. On the other hand, there is nothing in the record to show that young Broussard was at fault. His speed of 30 miles an hour is not shown to be beyond the legal limit, nor was it excessive under the circumstances. It is true that he could not see to his left, but there was a stop sign to his left which should have prevented the driver of the other car from entering from that direction without first stopping at this sign. Young Broussard says that he saw the reflection of headlights, but assumed that the driver of the car approaching would stop—
“ * * * at first glimpse I noticed him at the stop sign and it was apparent he was coming across, so I did take my foot off the accelerator and applied the brakes.”
We do not see any fault on the part of young Broussard.
While there was a controversy during the trial over the question of whether the amount of the damage had been proven, it was finally stipulated that the insurance adjuster who had estimated the damage to the Broussard car, had he been placed on the stand, would have testified that the amount was $328.62 as alleged by plaintiff.
Accordingly the judgment appealed from is annulled, avoided and reversed, and there is now judgment in favor of plaintiff, Louis W. Broussard, and against defendant, U. M. Kieffer, in the sum of $328.62, with legal interest from judicial demand and all costs.
Reversed.
REGAN, J., absent, takes no part.